Carolyn Hunt Cottrell (SBN 166977)
Kyle G. Bates (SBN 299114)
Jin K. Oh (SBN 328481)
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Tel: (415) 421-7100; Fax: (415) 421-7105
ccottrell@schneiderwallace.com
kbates@schneiderwallace.com
joh@schneiderwallace.com

*Attorneys for Plaintiff and the Putative Class*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RACHEL MENDOZA, on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>PAVILIONS MARKET, THE VONS COMPANIES, INC., ALBERTSONS COMPANIES INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Rachel Mendoza brings this lawsuit against Defendants Pavilions Market ("Pavilions"), The Vons Companies, Inc. ("Vons") and Albertsons Companies, Inc. ("Albertsons") on behalf of herself and other similarly situated individuals who have worked for Defendants as non-exempt employees and have been subject to Defendants' policies and practices (the "Plaintiffs"). Defendants maintain a longstanding policy and practice of failing to properly compensate non-exempt employees for all hours worked by rounding down the amount of time worked and of failing to properly compensate for missed meal and rest periods. These policies deny Plaintiff and putative Class Members proper compensation for all hours worked and meal and rest periods that comply with California law.

**INTRODUCTION**

1.  This is a class action complaint against Pavilions, Vons and Albertsons to challenge its policies and practices of failing to properly compensate non-exempt employees for all hours worked and missed meal and rest periods. These policies and practices deny Plaintiff and putative Class members proper compensation for all hours worked and meal and rest periods that comply with California labor law.

2.  Defendants violate California law by rounding down the amount of time Plaintiff and putative Class members worked on their pay statements and by knowingly and willfully failing to properly compensate Plaintiff and putative Class members for all hours worked.

3.  Defendants violate California law by knowingly and willfully failing to authorize and/or permit Plaintiff and putative Class members to take all meal and rest breaks to which they are entitled by law.

4.  Plaintiff and putative Class members bring this claim to challenge Defendants' policies and practices of: (1) failing to properly compensate Plaintiff and Class members for all hours worked; (2) failing to authorize and permit Plaintiff and Class members to take meal breaks to which they are entitled by law; (3) failing to authorize and permit Plaintiff and Class members to take rest breaks to which they are entitled by law; (4) failing to provide Plaintiff and Class members accurate, itemized wage statements; (5) failing to timely pay Plaintiff and Class members full wages upon termination

or resignation, and (6) violation of California's Business and Professions Code.

5. Plaintiff Rachel Mendoza is a former non-exempt, hourly employee who worked as an E-commerce Associate for Pavilions at its Long Beach location in California from November 22, 2020 until January 19, 2021. In this role, Plaintiff's duties included ensuring that online stores are visually appealing, easy to navigate and furnished with accurate, up-to-date content. Plaintiff seeks to represent other current and former non-exempt, hourly employees of Defendants in California. Plaintiff alleges Defendants have engaged in unlawful patterns and practices of failing to meet the requirements of the California Labor Code and the California Business and Professions Code.

6. Plaintiff seeks to remedy the rounding down practices Defendants integrated into their time tracking and payroll policies that have deprived Plaintiff and putative Class members of their lawfully-earned wages.

## **PARTIES**

7. Plaintiff Rachel Mendoza is an individual over the age of eighteen, and at all times relevant to this Complaint was a resident of the State of California, County of Los Angeles. Plaintiff was employed as an E-commerce Associate by Pavilions at its Long Beach location in California from November 22, 2020 until January 19, 2021.

8. The putative Class members are workers who are or who have been employed by Defendants as non-exempt, hourly employees, including but not limited to, E-commerce Associates and other similarly situated employees throughout the State of California within the four years preceding the filing of this Complaint.

9. Plaintiff is informed, believes, and thereon alleges that Defendant Albertsons Companies, Inc. is a Delaware corporation registered to do business in California and headquartered in Boise, Idaho. Albertsons may be served with process by serving its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

10. Plaintiff is informed, believes, and thereon alleges that Defendant The Vons Companies, Inc. ("Vons") is a Michigan corporation registered to do business in California and headquartered in Fullerton, California. Vons is a supermarket division of Albertsons in Southern

California. Vons may be served with process by serving its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

11. Plaintiff is informed, believes, and thereon alleges that Defendant Pavilions Market ("Pavilions") is a corporation headquartered in Garden Grove, California. Pavilions is a grocery banner used by Vons. Pavilions may be served with process by serving its registered agent, CT Corporation System, 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

12. Plaintiff is informed, believes, and thereon alleges that Defendants operates retail grocery stores throughout the United States, including in California. Plaintiff is informed, believes, and thereon alleges that Defendants employ putative Class members, among other employees, throughout the United States, including in California.

13. As employers of Plaintiff and putative Class members throughout the relevant time periods, Defendants are liable for penalties for violating the Labor Code with respect to the employment of Plaintiff and putative Class members.

14. At all material times, Defendants have done business under the laws of California, have places of business in the State of California, including in this judicial district, and have employed Class members in this judicial district. Defendants are "persons" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendants are also "employers" as that term is used in the California Labor Code and the IWC Wage Orders.

15. In addition to Plaintiff, Defendants have employed numerous similarly situated employees, who like Plaintiff, are non-exempt hourly employees engaged in interstate commerce.

16. Defendant Pavilions, according to its website, operates as a grocery banner used by The Vons Companies, Inc. throughout the State of California.

17. Defendant The Vons Companies, Inc., according to its website, is a supermarket chain that operates stores under the Vons and Pavilions banners. throughout the State of California and the State of Nevada.

18. Defendant Albertsons Companies, Inc., according to its website, is the second-largest supermarket chain in North America and operates stores, including but not limited to, Vons and

Pavilions, throughout the State of California and in the United States.

**JURISDICTION AND VENUE**

19.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A), because the aggregated claims of the putative Class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which at least one member of the putative Class, on the one hand, and Defendants, on the other, are citizens of different states. This Court has supplemental jurisdiction over Plaintiff's state-law claims pursuant to 28 U.S.C. § 1367.

20.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391. Defendants employ numerous workers in this district, including Plaintiff, and a substantial part of the events giving rise to Plaintiff's claims occurred within this judicial district.  Defendants are subject to personal jurisdiction here.  At all material times Defendants have been actively conducting business in the State of California and within the geographic area encompassing the Central District of California.

**FACTUAL ALLEGATIONS**

21.     Defendants operate distributions centers and retail grocery stores throughout the United States and California, including Long Beach, California.  Defendants employ thousands of similarly situated non-exempt hourly workers across these facilities.

22.     Plaintiff worked at the Pavilions Market in Long Beach, California as a non-exempt hourly E-commerce Associate from November 22, 2020 through January 19, 2020. Plaintiff was paid at an hourly rate of $15.00. While her shifts varied in length, Plaintiff typically worked approximately 6 hours per shift and on average worked 25 hours per week.

23.     Putative class members were and are employed by Defendants and perform work materially similar to Plaintiff.

24.     Putative class members report to a facility owned, operated, or managed by Defendants to perform their jobs.

25.     Putative Class members perform their jobs under Defendants' supervision and using

materials and technology approved and supplied by Defendants.

26. Putative class members are required to follow and abide by common work, time, pay, meal and rest break policies and procedures in the performance of their jobs.

27. At the end of each pay period, putative Class members receive wages from Defendants that are determined by common systems and methods that Defendants select and control.

28. Defendants pay putative Class members on an hourly rate basis.

29. As a matter of policy and/or practice, Defendants also fail to authorize and/or permit Plaintiff and putative Class members to take compliant meal and rest breaks. Plaintiff's duties as an E-commerce Associate, which were set forth by Defendants included, but were not limited to, ensuring that online stores are visually appealing, easy to navigate and furnished with accurate, up-to-date content. Plaintiff's duties required her constant attention throughout the day. The realities of the work assigned to Plaintiff and others meant that, as a result of Pavilions Market's working environment, she and others were not able to take bona fide meal and rest breaks free from duty. Plaintiff is informed, believes, and thereon alleges that this policy and practice applies to all putative Class members throughout California.

30. Moreover, Plaintiff is informed, believes, and thereon alleges that Defendants maintain a longstanding policy and practice of rounding down to the nearest quarter-hour the amount of hours Plaintiff and putative Class members worked in a day and, as a result, Plaintiff and putative Class members are not properly compensated for all hours worked. Plaintiff is informed, believes, and thereon alleges that this policy and practice applies to all putative Class members throughout California.

31. Plaintiff is informed, believes, and thereon alleges that the same timekeeping system and practices are used across all Defendants' facilities.

32. Defendants' common course of wage-and-hour abuse results in routinely failing to maintain true and accurate records of the hours worked by putative Class members. In particular, Defendants have failed to properly record the total amount of hours worked by Plaintiff and putative Class members and have failed to properly record the missed meal and rest breaks of Plaintiff and

putative Class members.

33. Defendants do not provide putative Class members, including Plaintiff, whose employment has ended, with full payment of all compensation owed at the end of their employment. As these workers are owed for unpaid wages and unpaid premium pay when their employment ends, and these amounts remain unpaid under Defendants' policies and practices, Defendants fail to pay all compensation due upon termination. Consequently, Defendants are subject to waiting time penalties.

34. Defendants have employed thousands of people such as Plaintiff during the four-year period prior to the filing of this Complaint.

35. Defendants' method of paying Plaintiff and putative Class members was willful and was not based on a good faith and reasonable belief that their conduct complied with California law.

36. Defendants' conduct was willful, carried out in bad faith, and caused significant damages to non-exempt employees in an amount to be determined at trial.

**CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

37. Plaintiff Rachel Mendoza brings causes of action as a class action on behalf of herself and all others similarly situated employees, current and former, pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3). The California Class that Plaintiff seeks to represent is defined as follows:

> All current and former hourly, non-exempt employees, including but not limited to, E-commerce Associates and other employees with similar job duties employed by Defendants Pavilions Market, The Vons Companies, Inc. and/or Albertsons Companies, Inc. in California any time starting four years prior to the filing of this Complaint until resolution of this action (the "California Class").

38. This action has been brought and may properly be maintained as a class action because there is a well-defined community of interest in the litigation and the proposed class is easily ascertainable.

39. **Numerosity:** The potential members of the class are so numerous that joinder of all the members of the Class is impracticable. Plaintiff is informed and believes that the number of California Class members exceeds forty. This volume makes bringing the claims of each individual

member of the class before this Court impracticable.  Likewise, joining each individual member of the California Class as a plaintiff in this action is impracticable.  Furthermore, the identities of the California Class will be determined from Defendants' records, as will the compensation paid to each of them.  As such, a class action is a reasonable and practical means of resolving these claims.  To require individual actions would prejudice the California Class and Defendants.

40. **Existence and Predominance of Common Questions**:  There are questions of law and fact common to Plaintiff Rachel Mendoza and the California Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

   a. Whether Defendants fail to properly compensate the California Class for all hours worked and rounds down their time worked to .25 hour in violation of the Labor Code and Wage Orders;

   b. Whether Defendants fail to authorize and permit, make available, and/or provide the California Class with timely meal and rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

   c. Whether Defendants fail to provide the California Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

   d. Whether Defendants violate Business and Professions Code §§ 17200 *et seq.*, by:
      (a) failing to properly compensate the California Class for all hours worked;
      (b) failing to authorize and permit, make available, and/or provide the California Class with timely meal and rest periods to which they are entitled;
      (c) failing to provide the California Class members with timely, accurate itemized wage statements; and
      (d) failing to timely pay the California Class members for all wages owed upon termination of employment; and

e. The proper formula for calculating restitution, damages and penalties owed to Plaintiff and the California Class as alleged herein.

41. **Typicality:** Plaintiff's claims are typical of the claims of the California Class. Defendants' common course of conduct in violation of law as alleged herein caused Plaintiff and the California Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the California Class.

42. **Adequacy:** Plaintiff Rachel Mendoza seeks relief for state law violations perpetrated by Defendants. In that sense, Plaintiff does not have any conflicts of interest with other California Class members and will prosecute the case vigorously on behalf of the Class. Counsel representing Plaintiff is competent and experienced in litigating complex cases and large class actions, including wage and hour cases. Plaintiff will fairly and adequately represent and protect the interests of the Class members.

43. **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all California Class members is not practicable, and questions of law and fact common to Plaintiff and putative Class Members predominate over any questions affecting only individual members of the Class. The injury suffered by each California Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

44. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants.

45. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

46. Plaintiff Rachel Mendoza knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

47. Plaintiff Rachel Mendoza intends to send notice to all California Class members to the extent required under applicable class action procedures. Plaintiff contemplates providing a notice or notices to the California Class, as approved by the Court, to be delivered through the United States Mail. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all California Class members except those who affirmatively exclude themselves by timely opting out.

## **FIRST CAUSE OF ACTION**
**Failure to Properly Compensate for all Hours Worked**
**Pursuant to Labor Code §§ 204**
**(By Plaintiff and the California Class)**

48. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

49. Defendants regularly fail to properly compensate Plaintiff and California Class members for all hours worked.

50. California Labor Code § 204(a) and the applicable Wage Orders require employers to pay twice during each calendar month all wages earned by any employee.

51. Defendants regularly fail to pay Plaintiff and California Class members all compensation due in violation of, among statutes, Labor Code § 204. This failure was caused by and through Defendants' standard and uniform system of "time shaving", whereby they fail to pay Plaintiff and California Class members for all reported hours of work. Defendants implement practice and longstanding policy of rounding down to .25 hour the number of reported hours of work for Plaintiff and California Class members. For example, Defendants require their employees to "punch-in" and "punch-out". If an employee "punches in" at 7:11 a.m., that time is "rounded" by Defendants to 7:15 a.m., and the employee loses four (4) minutes of compensable time. Similarly, if an employee "punches out" at 5:49 p.m., that time is "rounded" by Defendants to 5:45 p.m., and

the employee loses four (4) minutes of compensable time or, in some instance when applicable and appropriate, loses four (4) minutes of compensable overtime.

52. Defendants' conduct described herein violates California Labor Code § 204. Therefore, pursuant to Labor Code § 204, Plaintiff and the Class are entitled to compensation for unpaid and unlawfully withheld wages by Defendants, plus interest, attorneys' fees, expenses and costs of suit.

53. As a proximate result of the aforementioned violations, Plaintiff and the California Class have been damaged in an amount according to proof at time of trial.

54. Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Authorize and Permit and/or Make Available Meal Periods**
**Pursuant to Labor Code § 226.7**
**(By Plaintiff and the California Class)**

55. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

56. Defendants regularly fails to make meal periods available to Plaintiff and California Class members. Plaintiff's and California Class members' schedules regularly prevent them from taking a meal break during the day. Plaintiff and California Class members do not receive premium pay for their missed meal periods as required by California law.

57. California Labor Code § 226.7 and the applicable Wage Order require employers to authorize and permit employees that work for a period of more than five hours per day to take thirty minutes of net meal period no later than at the end of the fifth hour. Unless the employee is relieved of all duty during the thirty-minute meal break, the employee is considered "on duty" and the meal period is counted as time worked under the applicable Wage Orders.

58. Under California Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted.

59. Despite these requirements, Defendants have often knowingly and willfully refused to

10
CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Mendoza, et al. v. Pavilions Market, et al.*

1 perform their obligations to authorize and permit and/or make available to Plaintiff and the California
2 Class the meal periods to which they are entitled. Defendants have also failed to pay Plaintiff and
3 the California Class one hour of pay for each meal period that they are denied.

4   60.   Defendants' conduct described herein violates California Labor Code § 226.7.
5 Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation
6 for the failure to authorize and permit and/or make available meal periods, plus interest, attorneys'
7 fees, expenses and costs of suit.

8   61.   As a proximate result of the aforementioned violations, Plaintiff and the California
9 Class have been damaged in an amount according to proof at time of trial.

10   62.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**THIRD CAUSE OF ACTION**
**Failure to Authorize and Permit and/or Make Available Rest Periods**
**Pursuant to Labor Code § 226.7**
**(By Plaintiff and the California Class)**

13   63.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth
14 herein.

15   64.   Defendants regularly fails to make rest periods available to Plaintiff and California
16 Class members. Plaintiff's and California Class members' schedules regularly prevent them from
17 taking rest periods throughout the day. Plaintiff and California Class members do not receive
18 premium pay for their missed rest breaks as required by California law.

19   65.   California Labor Code § 226.7 and the applicable Wage Order require employers to
20 authorize and permit employees to take ten minutes of net rest time per four hours or major fraction
21 thereof of work, and to pay employees their full wages during those rest periods. Unless the employee
22 is relieved of all duty during the ten-minute rest period, the employee is considered "on duty" and
23 the rest period is counted as time worked under the applicable Wage Orders.

24   66.   Under California Labor Code § 226.7(b) and the applicable Wage Orders, an employer
25 who fails to authorize, permit, and/or make available a required rest period must, as compensation,
26 pay the employee one hour of pay at the employee's regular rate of compensation for each workday
27 that the rest period was not authorized and permitted.

67. Despite these requirements, Defendants have often knowingly and willfully refused to perform their obligations to authorize and permit and/or make available to Plaintiff and the California Class the ability to take the rest periods to which they are entitled. Defendants have also failed to pay Plaintiff and the California Class one hour of pay for each rest periods that they are denied.

68. Defendants' conduct described herein violates California Labor Code § 226.7. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and the Class are entitled to compensation for the failure to authorize and permit and/or make available rest periods, plus interest, attorneys' fees, expenses and costs of suit.

69. As a proximate result of the aforementioned violations, Plaintiff and the California Class have been damaged in an amount according to proof at time of trial.

70. Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Provide Accurate Itemized Wage Statements Pursuant to Labor Code § 226**
**(On Behalf of the Class)**

71. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

72. Defendants do not provide Plaintiff and California Class members with accurate itemized wage statements as required by California law.

73. Labor Code § 226(a) provides:

> An employer, semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing: (1) gross wages earned, (2) total hours worked by the employee, except as provided in subdivision (j), (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number, (8) the name and address of the legal entity that is the employer and, if the employer is a farm labor contractor, as defined in subdivision (b) of Section 1682, the name and address of the legal entity that secured the services of the employer, and (9) all applicable hourly rates in effect

> during the pay period and the corresponding number of hours worked at each hourly rate by the employee …. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

74. IWC Wage Order 4-2001(7) establishes similar wage statement requirements.

75. Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

76. Plaintiff and California Class members seeks to recover actual damages, costs and attorneys' fees under this section.

77. Defendants do not provide timely, accurate itemized wage statements to Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. The wage statements Defendants provide its employees, including Plaintiff and California Class members, do not accurately reflect the actual hours worked or meal and rest breaks taken.

78. Defendants are liable to Plaintiff and the California Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiff and the Class are entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

79. Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### FIFTH CAUSE OF ACTION
### Waiting Time Penalties Pursuant to Labor Code §§ 201-203
### (By Plaintiff and the California Class)

80. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

81. Defendants do not provide the California Class members with their wages when due under California law after their employment with Defendants ends.

82. Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

83. Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

84. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

85. Plaintiff and some of the California Class members left their employment with Defendants during the statutory period, at which time Defendants owed them compensation. This compensation derives from unpaid wages and unpaid penalties for missed meal and rest breaks.

86. Defendants willfully refused and continue to refuse to pay Plaintiff and the California Class members all the compensation that were due and owed to them, in the form of wages and in the form meal and rest period premiums pay, upon the end of their employment as a result of Defendants' willful failure to provide Plaintiff and California Class members with payment for all hours worked and for missed meal and rest breaks. As a result of Defendants' actions, Plaintiff and California Class members have suffered and continue to suffer substantial losses, including unpaid compensation, and interest.

87. Defendants' willful failure to pay Plaintiff and California Class members the compensation due constitutes a violation of Labor Code §§ 201-202. As a result, Defendants are

liable to Plaintiff and California Class members for all penalties owing pursuant to Labor Code §§ 201-203.

88. In addition, Labor Code § 203 provides that an employee's pay will continue as a penalty up to thirty days from the time pay was due. Therefore, the Plaintiff and the Class are entitled to penalties pursuant to Labor Code § 203, plus interest.

89. Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
### Violation of California Business and Professions Code §§ 17200 *et seq.*
### (By Plaintiff and the California Class)

90. Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

91. The UCL, California Business and Professions Code § 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

92. Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

93. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

94. Beginning at an exact date unknown to Plaintiff, but at least since the date four years prior to the filing of this suit, Defendants have committed acts of unfair competition as defined by the UCL, by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Complaint, including, but not limited to:

    a. violation of Labor Code § 204 regarding payment of all wages due;

    b. violations of Labor Code §§ 226.7 and Wage Order 4-2001 pertaining to meal and rest breaks;

    c. violations of Labor Code § 226 regarding accurate, timely itemized wage statements; and

    d. violations of Labor Code §§ 201-203 pertaining to waiting time penalties.

95. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages, serve as unlawful predicate acts and practices for purposes of Business and Professions Code §§ 17200 *et seq*.

96. The acts and practices described above constitute unfair, unlawful and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code §§ 17200 *et seq*. Among other things, the acts and practices have taken compensation from Plaintiff and the California Class members rightfully owed to them, while enabling Defendants to gain an unfair competitive advantage over law-abiding employers and competitors.

97. Business and Professions Code § 17203 provides that a court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition. Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair, and fraudulent business acts and practices alleged above.

98. As a direct and proximate result of the aforementioned acts and practices, Plaintiff and the California Class members have suffered a loss of money and property, in the form of unpaid compensation which is due and payable to them.

99. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiff and the California Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

100. Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself as well as others similarly situated employees, current or former. Plaintiff and California Class members seek and are entitled to unpaid

compensation, declaratory and injunctive relief, and all other equitable remedies owing to them.

101. Plaintiff herein takes upon herself enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing her to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure §1021.5 and otherwise.

102. Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of the California Class members, requests the following relief:

1. Damages and restitution according to proof at trial for all unpaid compensation, wages and other injuries, as provided by the California Labor Code and California Business and Professions Code;

2. For a declaratory judgment that Defendants violated the California Labor Code, California law, and public policy as alleged herein;

3. For a declaratory judgment that Defendants violated California Business and Professions Code §§ 17200 *et seq*. as a result of the aforementioned violations of the California Labor Code;

4. For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, their officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

5. For an equitable accounting to identify, locate, and restore to all current and former employees the compensation they are due, with interest thereon;

6. For an order appointing counsel for Plaintiff as class counsel for the California Class;

7. For an order awarding Plaintiff and the California Class members compensatory damages, including penalties owed, liquidated damages, and other employee benefits, restitution, recovery of all money/property, actual damages, and all other sums of

money owed to Plaintiff and California Class members, together with interest on these amounts according to proof;

8. For an order awarding Plaintiff and California Class members civil penalties pursuant to the California Labor Code, and the laws of the State of California, with interest thereon;

9. For an order awarding reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, the laws of the State of California, and/or other applicable law;

10. For all costs of suit;

11. For interest on any penalties awarded, as provided by applicable law; and

12. For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Date: April 19, 2021

*/s/ Carolyn H. Cottrell*
Carolyn H. Cottrell
Kyle G. Bates
Jin K. Oh
SCHNEIDER WALLACE
COTTRELL KONECKY LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
kbates@schneiderwallace.com

**Attorneys for Plaintiff and the Putative Class**

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff and the California Class are entitled to a jury.

Respectfully submitted,

Date: April 19, 2021

/s/ *Carolyn H. Cottrell* _____
Carolyn H. Cottrell
Kyle G. Bates
Jin K. Oh
SCHNEIDER WALLACE
COTTRELL KONECKY LLP

*Attorneys for Plaintiff and the Putative Class*